962 F.2d 8
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Lamont WHITE, a/k/a Chris Miller, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jamie Ray EVERETT, a/k/a Smoove, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
James Robert BUTLER, JR., Defendant-Appellant.
 Nos. 91-5543, 91-5547, No. 91-5548.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 4, 1992
Decided: May 15, 1992
 
 Walter T. Johnson, Jr., Greensboro, North Carolina, for Appellant White; William C. Ingram, Jr., Floyd, Allen & Jacobs Greensboro, North Carolina, for Appellant Everett;
 William L. Osteen, Jr., Osteen, Adams & Osteen, Greensboro, North Carolina, for Appellant Butler.
 Robert H. Edmunds, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 Before HALL, WILKINS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Lamont White, Jamie Ray Everett, and James Robert Butler, Jr., all pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine (21 U.S.C. § 846 (1988)), attempt to possess cocaine with intent to distribute (21 U.S.C. § 841 (1988 & Supp. II)), and use of a firearm during a drug trafficking crime (18 U.S.C. 924(c) (1988 & Supp. II)). All the Appellants contest the sentences they received on the ground that the district court erred in using the amount negotiated, rather than the amount of the actual transaction, in determining their base offense levels. We affirm.
 
 
 2
 Information before the sentencing court showed by a preponderance of the evidence that Everett and Butler negotiated over several months with a confidential informant and an undercover detective to purchase between two and ten kilograms of cocaine; they were acting as middlemen and the cocaine was ultimately to be purchased by a drug dealer in Fayetteville, North Carolina. Some phone calls between Everett and the informant were recorded. When a buyer, Don Smith, was found, Everett and Butler met the confidential informant at a motel accompanied by Lamont White, who represented Smith. White arranged to buy two kilograms of cocaine the next day for $46,000 and said if it was good he would buy ten more. Everett, Butler, and White brought the money the next day as promised, and were arrested; all were carrying handguns. At that time or shortly afterward, Everett and White made statements incriminating themselves and Don Smith. They later maintained, however, that Everett had stolen the $46,000 in cash from his father's safe and denied any connection with Don Smith. Smith was tried on drug charges; Everett, Butler, and White refused to testify at his trial despite a grant of immunity and were found in contempt of court. Everett's father testified at Smith's trial that the $46,000 had been stolen from him. Smith was acquitted.
 
 
 3
 After Everett, Butler, and White entered their guilty pleas, the probation officer recommended a base offense level of thirty-two for each of them because they had negotiated to buy at least five kilograms of cocaine. United States Sentencing Commission, Guidelines Manual, § 2D1.4, comment. (n.1) (Nov. 1990). The Defendants objected that the evidence did not support such a finding because the money for the purchase had been stolen from Everett's father and no more was available for future purchases. Butler and White claimed to have taken no part in the negotiations. At the sentencing hearing, the district court discredited the theory that the money was stolen from Everett's father. It found that there was sufficient evidence that five kilograms were negotiated and that the Defendants had failed to show that the information in the presentence report concerning the source of the money was inaccurate. The court then adopted the recommendation of the probation officer as to the base offense level.
 
 
 4
 On appeal, the Appellants argue that there was insufficient evidence to support a finding that they were reasonably capable of producing the money for additional purchases, and that discussions of future purchases were too speculative and tentative to be taken as real negotiations. We find no merit in these contentions.
 
 
 5
 The quantity of drugs involved in an offense is a sentencing factor which need only be proved by a preponderance of the evidence.
 
 
 6
 United States v. Powell, 886 F.2d 81 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990). The amount of drugs is a factual question which the district court may resolve by considering any reliable and relevant evidence before it, including hearsay. United States v. Wilson, 896 F.2d 856 (4th Cir. 1990); U.S.S.G. § 6A1.3(a) (Nov. 1990). The district court's finding is reviewed under the clearly erroneous standard. United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990). In a conspiracy conviction, amounts negotiated should be used to calculate the amount of drugs and the base offense level unless the defendant was not reasonably capable of producing the negotiated amount or, as here, the funds to purchase the negotiated amount. U.S.S.G. § 2D1.4, comment. (n.1). When the defendant disputes information in the presentence report, he bears the burden of showing that it is unreliable or inaccurate. United States v. Terry, 916 F.2d 157 (4th Cir. 1990).
 
 
 7
 The Defendants attempted to disprove information in the presentence report showing that they had bought two kilograms of cocaine with Don Smith's money and negotiated to buy more by relying on the testimony given by Everett's father at Don Smith's trial, and on their own statements which contradicted their prior statements made at the time of arrest. No further evidence was offered at sentencing by the Defendants except for several stipulated exhibits which did not corroborate the Defendants' argument.* The district court resolved this disputed factual issue and found by a preponderance of the evidence that the Defendants seriously negotiated for and were reasonably capable of purchasing at least five kilograms. Its finding was not clearly erroneous.
 
 
 8
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *The stipulated exhibits included in the materials presented on appeal were two agents' reports, the confidential informant's report, the transcript of a reco rded phone call between Everett and the confidential informant, and 6350 35 7 a copy of a page of notes found at Don Smith's house.